## George Frey *against* Rosewell Wells, *et al.* executors of Benjamin Harvey deceased.

The certificate of a judge authenticating a judgment in another state, needs no stamp under the act of congress of 9th July 1797, and should be read in evidence.

WRIT of error to the Common Pleas of Luzerne county.

It appeared by the record, that the suit was brought to November term 1797. The declaration was in debt for 38 l. 2s. 11d. money of Pennsylvania, recovered in March term 1775, at Litchfield county in the state of Connecticut, as by the record, &c. appears.

The defendants appeared, prayed oyer of the writ and record, and special imparlance : in November term 1798, they pleaded *nul tiel* record, with leave to alter; and in April term 1801, the plaintiff replied *habetur tale recordum*, and issue was joined.

- The cause came to trial in the Court of Common Pleas, before JACOB RUSH, esq. president, and the other judges, on the 22d April 1802, when the plaintiff produced in evidence in support of his declaration, a certain paper, purporting to be an exemplification of the record of the judgment obtained in the Court of Common Pleas of Litchfield county, *prout patet* the exemplification of the record aforesaid ; which paper was overruled by the court, whereupon judgment was given *quod non habetur tale recordum.*

The exemplification by the clerk of the court, was dated February 2d, 1797 ; and the certificate of JOSHUA PORTER, esq. C. J. of the Court of Common Pleas of Litchfield county, (under the act of congress of 26th May 1790, 1 U. S. Laws 115,) that the attestation was in due form, was dated November 15th 1799.

General errors being assigned, the defendants pleaded *in nullo est erratum.* The cause was argued on the 18th December 1806 by Mr. Duncan for the plaintiff in error, and by Mr. Condy for the defendants ; and during the present term by the same counsel, on the 26th March.

For the plaintiff it was contended, that there had been error on two grounds. 1st. That the issue had been tried by the court *and not by the jury. And that 2dly. The court illegally refused the record in evidence. [*397

In trials by the record, the party pleading the record has a

[Frey *v*. Harvey's Ex'rs.]

day given him to bring it in ; and if it be pleaded, that there is no such record, it shall not receive any trial by witness, jury, or otherwise, but by itself.    3 Bla. Com. 331.    The record here being of Connecticut before the revolution in 1775, ought to have been tried by a jury.

The defendant's counsel answered, that on the record being brought in, it could only be judged of by the court.    *Nil debet* is no plea to an action of debt founded on a judgment in the state of New Jersey ; because a debt cannot be denied, without denying the instrument on which it is founded.    Armstrong *v*. Carson's executors. 2 Dall. 302.    It is true, that in Benjamin Rush *v*. William Cobbet, on a suit brought upon a judgment obtained in this court, the court in New York were of opinion that the judgment in Pennsylvania was not conclusive ; but the judges were not unanimous.    The effect of records certified and authenticated according to the provisions of the act of congress of 26th May 1790, 1 U. S. Laws 115, is the same, as in the courts of the state from whence the record is taken.

The court desired the counsel to confine themselves to the point, whether the exemplification offered was good evidence of the record.

For the defendants.    The declaration states a judgment at Litchfield county, in the state of Connecticut ; but the paper offered was of a judgment of Litchfield county, in the colony of Connecticut ; and here is a variance between the *allegata* and *probata*.    But a more substantial objection is, that the exemplification was not stamped according to the provisions of the act of congress of 6th July 1797, 1 U. S. Laws 20, "laying duties "on stamped vellum, parchment and paper."    By sec. 1, "any "exemplification, of what nature soever, that shall pass the seal "of any court," other, &c. is subjected to a duty of 50 cents ; and by section 13, "no such deed, instrument or writing, shall "be pleaded or given in evidence in any court, or admitted in "any court to be available in law or equity, until it shall be "stamped as aforesaid."    The act of 26th May 1790, requires the attestation of the clerk, and the certificate of the judge, &c. that the attestation is in due form.    Both must concur to render it a complete exemplification, to produce the effect required by the law of the union.    But the judge's certificate given on the 15th November 1799, when the stamp act was in *full operation, was in point of law of no avail, being unstamped, and a fraud on the people of the United States.

For the plaintiff in error.    There is no force in the objection, that Connecticut is called a state in the declaration.    It was formerly a colony, but by the adoption of the union became a state.

Under the act of congress of 6th July 1797, in the beginning thereof, the stamp duties were to be collected and paid from and

after the 31st December then next; but by a subsequent act of December 15, 1797, the time was postponed until after June 30, 1798, and the duties were not to commence sooner. 1 U. S. Laws 51. At the time of the profert therefore, in November term 1797, the stamp duties were not in operation, and the 50 cents could not possibly be paid. The act lays a duty "on any "exemplification under the seal of the court," which can only refer to the ministerial act of the clerk. The certificate of the judge authenticates the exemplification, but is no part thereof, nor is it required to be stamped. It may be superadded at any time, when it is required for purposes beyond the bounds of the state where the judgment was given. There can be no hesitation in saying, that in any court of Connecticut, the exemplification under the seal of the court, certified by the clerk, would have been received in evidence, without having the certificate of any judge annexed thereto.

The opinion of the court was delivered as follows by TILGH-MAN, C. J. The exemplification of the record was good evidence, and shewed the same debt which the plaintiff declared on, and the judgment upon which issue was joined. The exemplification and certificate are different things. If the stamp act bears on the case, the exemplification would be no evidence even in Connecticut. Now, in Connecticut, no certificate of a judge is necessary; and therefore no argument founded on the date of that certificate could have any weight there; consequently, the exemplification being evidence in some courts, cannot be affected by the provisions of the stamp act.

Judgment reversed.

[Afterwards record remitted.]